IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DALTON PATY,                          §
             Petitioner,      §
                           §
v.                                    §          C.A. NO. C-07-327
                           §
NATHANIEL QUARTERMAN,                  §
             Respondent.     §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

When this petition was filed, petitioner was an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and incarcerated at the Powledge Unit in Palestine, Texas. On August 1, 2007, petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is respondent's motion for summary judgment. (D.E. 17). Petitioner has not replied to this motion.[1] For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 28th Judicial District Court of Nueces County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On April 12, 1990, the 28th Judicial District Court of Nueces County, Texas sentenced petitioner to two concurrent forty-year terms of imprisonment pursuant to guilty pleas in cause No. 90-CR-0234-A and No. 90-CR-0235-A.  (D.E. 17, at 1-2).  On February 6, 2002, petitioner was released to parole.  Id. at 2.  On January 6, 2005, petitioner was arrested for violating the conditions of his release.  (D.E. 1, at 8); see also (D.E. 17, Ex. A, at 2) (jail custody begins on January 6, 2005).  On December 19, 2005, the Texas Board of Pardons and Paroles revoked his parole. (D.E. 17, Ex. C, at 4).  On January 20, 2006, petitioner was returned to TDCJ-CID custody.  Id., Ex. A, at 2.  Because he did not satisfactorily complete his parole, petitioner was charged as "out of custody" for the two years and eleven months of his release.  Id.  Moreover, he did not receive sentence credit for that period

2

because he did not meet the statutory criteria.  Id.; see also Tex. Gov't Code Ann. § 508.283(c).

On January 2, 2007, petitioner signed two applications for state habeas relief, claiming that the consequences of his parole revocation had rendered each conviction void.  Ex Parte Paty, No. WR-67,591-01; Ex Parte Paty, No. WR-67,591-02.[2]  On June 13, 2007, the Texas Court of Criminal Appeals denied each without written order.  R.E. 1, at 1; R.E. 2, at 1.  On August 1, 2007, this petition, dated July 26, 2007, was received.  (D.E. 1, at 11).

On September 12, 2007, petitioner was again released to parole.  (D.E. 17, Ex. B, at 2).

## III.  PETITIONER'S CLAIMS

Petitioner alleges the following grounds for habeas relief:

1)  The state has breached its plea agreement.  (D.E. 1, at 7).

2)  TDCJ-CID "failed to obey the mandates of the trial court," "illegally changing, modifying, and enlarging the punishment by resentencing petitioner in an illegal manner," "extending the original sentence," and "requiring the sentence to be served in installments."  Id. at 7-8.

---

[2] Respondent included relevant excerpts from each application as attachments to the motion for summary judgment, (D.E. 17), labeled Record Excerpts One and Two, respectively. Where possible, citations are made to these excerpts.  They are abbreviated as "R.E. 1" and "R.E. 2."

3)  The State denied him a public hearing by a parole board panel of three members and did not comply with the Texas Open Meetings Act.  Id. at 8-9.

4)  State executive officials applied newly enacted laws retroactively, depriving him of a vested right.  Id. at 9.

5)  The parole board subjected him to double jeopardy by imposing a new sentence for crimes of which he had already been convicted.  Id.

Although his federal habeas petition does not state the factual basis for his claims, state habeas proceedings show that petitioner's grievances all arise from his being denied day-for-day sentence credit for the time he spent on parole ("street time").  See Ex Parte Paty, No. WR-67,591-02, at 30-31.

## IV.  EXHAUSTION OF STATE REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: 1) the inmate has exhausted his legal remedies in the state courts; 2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  In Texas, exhaustion may take one of two paths: (1) the petitioner may

4

file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) the petitioner may file a petition for state writ of habeas corpus. <u>Myers v. Collins</u>, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing <u>Richardson v. Procunier</u>, 762 F.2d 429, 431-32 (5th Cir. 1985)).

Petitioner's claims are identical to those brought in his state habeas application. <u>Compare</u> (D.E.1, at 7-9) <u>with</u> R.E. 1, at 7-9; R.E. 2, at 7-9. Furthermore, respondent concedes that petitioner exhausted his state court remedies before filing this petition. (D.E. 17, at 3). It is therefore respectfully recommended that petitioner's claims are exhausted.

## V.  STANDARD OF REVIEW

### A.  Summary Judgment Standard of Review.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant. <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that material controverted facts preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates that the state court's decision was "contrary to, or involved an unreasonable application, of clearly established federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Thus, "federal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable." Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002). The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings. Id. at 694 (citing Williams, 529 U.S. at 404-05). The Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the

7

> governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principles but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision,' and not the written order explaining that decision.'"  St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state court need not

cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available if a state court decision is objectively unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  Id.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing

Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

## VI.  DISCUSSION

**A.    Petitioner's Claims are Barred by AEDPA's Limitations Period.**

Respondent seeks dismissal on the grounds that the application was filed outside the one-year limitations period set by AEDPA.  (D.E. 17, at 3-5). Regarding the deadline for filing an application for a writ of habeas corpus, the AEDPA provides that the one-year limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

>                                    to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim
>        or claims presented could have been discovered
>        through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks

state post-conviction writ review:

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

Since petitioner is not challenging his underlying conviction, and he does

not allege any state-created impediment or newly recognized right,

§ 2244(d)(1)(D) applies. See Kimbrell v. Cockrell, 311 F.3d 361, 363-64 (5th Cir.

2002); see also Heiser v. Johnson, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir.

June 8, 2001) (unpublished) (statute of limitations began running the day the parole

board revoked petitioner's mandatory supervision); Wade v. Robinson, 327 F.3d

328, 333 (4th Cir. 2003) (statute of limitations ran from the date the parole

revocation became final). Petitioner asserts that his claim "was discovered and

materialized on January 20, 2006 upon reentry to the Texas Department of

Criminal Justice." (D.E. 1, at 7). Respondent argues that the relevant date is

December 19, 2005, the date on which petitioner's parole was revoked. (D.E. 17,

at 5).  Regardless of which date applies, the instant petition was not timely filed.

Assuming arguendo that the statute of limitations began to run on January

20, 2006, the limitations period was tolled with eleven days remaining when

petitioner filed his state applications on January 9, 2007.[3]  R.E. 1, at 12; R.E. 2, at

12.  On June 13, 2007, the Texas Court of Criminal Appeals denied his

applications.  R.E. 1, at 1; R.E. 2, at 1.  This ended the statutory tolling period

pursuant to 28 U.S.C. § 2244(d)(2).  See In re Lewis, 484 F.3d 793, 796 (5th Cir.

2007) (per curiam) (tolling ends on date of final judgment).  The last day for

petitioner to timely file his petition, therefore, was Monday, June 25, 2007.  The

instant petition is dated July 26, 2007.[4]  (D.E. 1, at 9).  Therefore, this petition was

filed at least one month late unless the deadline can be equitably tolled.

A habeas petitioner has the ultimate burden of proving that a court should

equitably toll the AEDPA's limitations period.  Phillips v. Donnelly, 216 F.3d 508,

511 (5th Cir. 2000) (per curiam) (citations omitted), rhg. granted in part, 223 F.3d

---

[3] Unlike their federal counterparts, Texas state applications for habeas relief are not subject to the mailbox rule.  Howland v. Quarterman, _ F.3d _, 2007 WL 3276009, at *4 (5th Cir. Nov. 7, 2007) (per curiam).  Although petitioner's state habeas application was completed and signed on January 2, 2007, the application should be deemed filed when it was received on January 9, 2007.

[4] Pro se petitions for federal habeas corpus relief are "deemed filed when the petition is handed over to prison authorities for mailing."  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (citing Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam)).  A federal habeas petition is presumed to have been handed to prison officials on the date it was signed.  See, e.g., Colarte v. LeBlanc, 40 F. Supp.2d 816, 817 (E.D. La. 1999).

797 (5th Cir. 2000) (per curiam).  The Fifth Circuit has explained that "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)); see also Lawrence v. Florida, _ U.S. _, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted).  Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the cause of action, or is prevented in some extraordinary way from asserting his rights.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted).  A prisoner proceeding pro se is not a "rare and exceptional" circumstance.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).  Petitioner does not argue, nor does the record indicate, that he is entitled to equitable tolling.  It is therefore respectfully recommended that petitioner's claims are barred by AEDPA's one-year limitations period.

**B.      AEDPA's Deferential Standard of Review Applies to Petitioner's Claims.**

The Texas courts have already considered and rejected petitioner's claims. R.E. 1, at 1; R.E. 2, at 1.  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal, 239 F.3d at 686 (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**C.      Petitioner is in Custody Pursuant to AEDPA.**

A court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground

14

that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has held that a district court has jurisdiction over a habeas petition only if the petitioner is "in custody" pursuant to the judgment under attack.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam).  The custody requirement is not satisfied if the sentence imposed as a result of the conviction under attack has fully expired.  Id. at 492. The "in custody" determination is made at the time a habeas petition is filed. Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Furthermore, the "in custody" requirement is jurisdictional.  Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989) (citing Maleng).

The Supreme Court has determined that the "in custody" language of the habeas statute does not require that a petitioner be physically confined to challenge his sentence.  Maleng, 490 U.S. at 491.  The Supreme Court has explained that "[h]istory, usage and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."  Jones v. Cunningham, 371 U.S. 236, 240 (1963).  For example, a petitioner may challenge his parole by a habeas

15

petition.  Maleng, 490 U.S. at 491 (citation omitted).  The Fifth Circuit has explained that "[u]sually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction."  Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (citing Jones, 371 U.S. 236); accord Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) (per curiam) (quoting Pack).  However, certain "collateral consequences" of a conviction do not satisfy the "in custody" requirement. Maleng, 490 U.S. at 492; accord United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (citing Maleng).  Examples of such collateral consequences include the rights "to vote, engage in certain businesses, hold public office, or serve as a juror."  Maleng, 490 U.S. at 491-92.

Petitioner remains on parole.  It is therefore respectfully recommended that he is "in custody" for jurisdictional purposes.

**D.    Petitioner's Moot Claims.**

Respondent argues that "[petitioner]'s claims regarding illegal confinement and the parole revocation are moot and must be dismissed," because petitioner has been released to parole.  (D.E. 17, at 7).  It is true that petitioner is not currently incarcerated, and "the reincarceration he incurred as a result of [the parole revocation] is now over, and cannot be undone."  Spencer, 523 U.S. at 8; see

16

also United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999) (per curiam) (habeas action cannot be maintained when only injury is revocation of supervised release and petitioner is no longer in custody).  However, none of petitioner's claims are exclusively related to his incarceration.  Indeed, petitioner's re-release to parole does not moot his revocation hearing claims, because petitioner's unexpired sentence will be shorter if he obtains the relief he seeks.  See Tolley v. Johnson, 228 F.3d 410, 2000 WL 1056305, at *1 (5th Cir. July 28, 2000) (per curiam) (claim that parole was unlawfully revoked not moot where petitioner still subject to supervised relief); see also Brantley v. United States, 448 F.2d 770, 770 (5th Cir. 1971) (per curiam) (habeas petition challenging mandatory release was moot where petitioner was no longer in custody and his sentence had expired).  Accordingly, it is respectfully recommended that none of petitioner's claims are moot.

**E.      Petitioner's Claims are not Meritorious.**

   **1.      Petitioner's plea agreement was not breached.**

   Petitioner argues that TDCJ-CID officials have breached the plea agreement under which he was sentenced.  (D.E. 1, at 7-9).  The Fifth Circuit has explained that a plea agreement is a contract between the prosecution and the defendant; its breach can render a guilty plea involuntary.  See Montoya, 226 F.3d at 405 ("[W]here a plea 'rests in any significant degree on a promise or agreement of the

prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'") (quoting <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971)); <u>United States v. Goldfaden</u>, 959 F.2d 1324, 1328 (5th Cir. 1992) ("Defendants ... give up constitutional rights in reliance on promises made by prosecutors, implicating the Due Process Clause once the court accepts their pleas.") (citing <u>Mabry v. Johnson</u>, 467 U.S. 504, 507-09 (1984)).  When interpreting the terms of a plea agreement, courts apply general principals of contract law to assess "'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'"  <u>United States v. Cantu</u>, 185 F.3d 298, 304 (5th Cir. 1999) (quoting <u>United States v. Valencia</u>, 985 F.2d 758, 761 (5th Cir. 1993)).

In exchange for petitioner's guilty plea, the prosecution agreed to recommend a forty-year prison sentence for each charge, to run concurrently.  R.E. 1, at 18-19; R.E. 2, at 18-19.  The prosecution did so; the court, in turn, accepted the agreement, and sentenced petitioner to the agreed-upon terms.  The state has fully performed its obligations pursuant to the agreement, and the petitioner has received the full benefit of the bargain.  The state court's denial of habeas relief was thus not unreasonable or erroneous.  Accordingly, it is respectfully recommended that this claim be denied.

**2.     TDCJ-CID did not illegally extend petitioner's sentence or require him to serve it in installments.**

Petitioner alleges that TDCJ-CID has extended his sentence.  (D.E. 1, at 8).

His federal petition does not clearly state on what grounds this allegation rests.

However, petitioner explained in a state habeas filing that TDCJ-CID unlawfully

extended his sentence by two years and eleven months, i.e., the time he spent on

parole. Ex Parte Paty, No. WR-67,591-02, at 30-31.  In essence, petitioner's

claims are all based on his attempt to characterize parole revocation without street

credit as re-sentencing.

The Fifth Circuit has recognized that a prisoner may be constitutionally

denied sentence credit for street time after parole revocation.  See Morrison v.

Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (per curiam); see also Ferguson v.

La. Dep't. of Pub. Safety & Corr. Bd. Of Parole, 218 Fed. Appx. 355, 355 (5th Cir.

2007) (per curiam) (unpublished) ("There is no federal constitutional right to the

reduction of a sentence of a parole violator for time spent on parole.").

Thus, petitioner's sentence has not been unlawfully extended, and his claims

relating to extension and re-sentencing must fail.

Petitioner's argument that he cannot be required to serve his sentence in

installments also fails.  The Fifth Circuit has recognized that a state prisoner cannot

be required to serve his sentence in installments.[5]  Shields v. Beto, 370 F.2d 1003, 1006 (5th Cir. 1967) (citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)); see also Free v. Miles, 333 F.3d 550, 553-54 (5th Cir. 2003) (per curiam). However, the rule against installments does not preclude the interruption and subsequent resumption of a sentence when the interruption is the prisoner's fault, such as when parole is violated.  See Free, 333 F.3d at 553 & n.7; see also Moultrie v. Georgia, 464 F.2d 551, 553 (5th Cir. 1972) (per curiam) (parole violation interrupts sentence); Vega v. United States, 493 F.3d 310, 318 (3d Cir. 2007) (installment rule is inapplicable where prisoner's parole violation interrupts the sentence); United States v. Liddy, 510 F.2d 669, 684 (D.C. Cir. 1974) (same).  The state court's denial of habeas relief therefore cannot be deemed unreasonable or erroneous.  Accordingly, it is respectfully recommended that this claim be denied.

---

[5] Texas common law also recognizes the installment doctrine.  See Ex Parte Morris, 626 S.W.2d 754, 757-58 (Tex. Crim. App. 1982) (en banc) ("A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate.").  To the extent that petitioner attempts to advance a claim based on state law, it is not cognizable on federal habeas review.  Wood v. Quarterman, 503 F.3d 408, 413 (5th Cir. 2007) (noting that "'federal habeas corpus relief does not lie for errors of state law'") (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

**3.     The State did not Unlawfully Deny Petitioner a Public Hearing or Fail to Comply with the Texas Open Meetings Act.**

Petitioner argues that the state denied him a public parole hearing before a panel of three, and did not comply with the Texas Open Meetings Act.  (D.E. 1, at 8-9).  These claims appear to be based solely on state law, and are therefore not cognizable on federal habeas corpus review.  Wood, 503 F.3d at 413 (citation omitted).  Even when liberally interpreted as a constitutional claim, however, petitioner is not entitled to relief because no protected right was violated.

There is no federal constitutional right to street time credit.  Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (citing Morrison, 106 F.3d at 129 n.1); see also Campos v. Jackson, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) ("It has been clear in this Circuit for almost three decades that a Texas prisoner has no constitutionally-protected right to credit against his state sentence for time served on parole prior to revocation of same.") (citations omitted).  Furthermore, petitioner has no constitutionally protected, state-created right to street time.  The Supreme Court has held that states may create liberty interests, vested in its inmates, which are protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  The Supreme Court explained:

> The time has come to return to the due process principles
> we believe were correctly established and applied in
> [Wolff v. McDonnell, 418 U.S. 539 (1974)] and

21

[Meachum v. Fano, 427 U.S. 215 (1976)].  Following
Wolff, we recognize that States may under certain
circumstances create liberty interests which are protected
by the Due Process Clause.  But these interests will be
generally limited to freedom from restraint which, while
not exceeding the sentence in such an unexpected manner
as to give rise to protection by the Due Process Clause of
its own force, ...nonetheless imposes atypical and
significant hardship on the inmate in relation to the
ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted).  The Fifth Circuit has determined that

"these interests are generally limited to state created regulations or statutes which

affect the quantity of time rather than the quality of time served by a prisoner."

Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).

The Fifth Circuit has not yet decided whether Texas prisoners released to

parole after September 1, 2001 can ever have a protected liberty interest in street

time.  Gibson v. Dretke, 176 Fed. Appx. 475, 476 (5th Cir. 2006) (per curiam)

(unpublished); see also Whitley v. Dretke, 111 Fed. Appx. 222, 223-24 (5th Cir.

2004) (per curiam) (unpublished) ("it is possible that amendments to the relevant

statute have created a protected liberty interest in retention of street time by some

prisoners whose release was revoked after September 1, 2001").  After September

1, 2001, the applicable law provides that

If the parole, mandatory supervision, or conditional
pardon ... is revoked, the person may be required to serve
the remaining portion of the sentence on which the

> person was released.  For a person who on the date of
> issuance of a warrant or summons initiating the
> revocation process is subject to a sentence the remaining
> portion of which is greater than the amount of time from
> the date of the person's release to the date of issuance of
> the warrant or summons, the remaining portion is to be
> served without credit for the time from the date of the
> person's release to the date of revocation.

Tex. Gov't Code. Ann. § 508.283(c).  Pursuant to this section, a prisoner is not

eligible for street time until he has been on parole for more than half of the time

remaining on his sentence, as calculated from the date of his release.  Ex Parte

Spann, 132 S.W.3d 390, 393-94 (Tex. Cr. App. 2004) (en banc).

As of February 6, 2002, the date of petitioner's release to parole, 10,175

days of his sentence remained unserved.  (D.E. 17, at 12; Ex. C, at 2).  He was

returned to TDCJ-CID custody 1,364 days later, well short of the mid-point of the

remainder of his sentence at release.  Because petitioner was clearly not entitled to

street time pursuant to § 508.283(c), he cannot establish any liberty interest.

Therefore, it is respectfully recommended that petitioner's claim be denied.

### 4.    Petitioner has not established a violation of the Ex Post Facto Clause.

Petitioner alleges that the state parole authorities illegally applied newly

enacted laws retroactively, rather than complying with the applicable 1989 parole

laws, in the revocation proceedings.  (D.E. 1, at 8-9).  His state application explains

23

that "[t]he law annexed to the date of the crime is controlling as to trial and punishment," including parole. Ex Parte Paty, No. WR-67,591-02, at 33.

To constitute a violation of the Ex Post Facto Clause, a change in law "must be both retroactive and to a prisoner's detriment." Hallmark v. Johnson, 118 F.3d 1073, 1077-78 (5th Cir. 1997); see also Lynce v. Mathis, 519 U.S. 433, 441 (1997) ("To fall within the *ex post facto* prohibition, a law must be retrospective - that is, 'it must apply to events occurring before its enactment' - and it 'must disadvantage the offender affected by it'... by altering the definition of criminal conduct or increasing the punishment for the crime....") (citations omitted). Street time credit was completely unavailable to Texas prisoners until 2001, more than ten years after petitioner committed his crimes. See Gibson, 176 Fed. Appx. at 476. Thus, applying current law, which does allow street time, is not detrimental to petitioner. Accordingly, it is respectfully recommended that this claim be denied.

**5.    Petitioner was not subject to Double Jeopardy.**

Petitioner claims that the state subjected him to double jeopardy. (D.E. 1, at 8-9). The Fifth Circuit has held that "the double jeopardy clause does not apply to parole and probation revocation hearings" because the risk against which it protects "is not present in proceedings that are not 'essentially criminal.'" Showery v. Samaniego, 814 F.2d 200, 202 (5th Cir. 1987) (citations omitted); accord Stringer v.

24

Williams, 161 F.3d 259, 262 (5th Cir. 1998) (citations omitted); see also Parr v.

Quarterman, 472 F.3d 245, 254 (5th Cir. 2006) (no independent due process basis

for applying collateral estoppel to parole proceedings).  It is therefore respectfully

recommended that this claim be denied.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial

showing of a denial of a constitutional right on the issues before that court.  Further

briefing and argument on the very issues the court has just ruled on would be

repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 17), be granted because petitioner's claims lack merit and are barred by the statute of limitations.  It is further respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 26th day of December 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).